UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL KAPETANIOS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00992-MPB-TAB |
| ) | |
| BARTHOLOMEW COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S PENDING MOTIONS**

Before the Court are three motions from Plaintiff James Michael Kapetanios, Sr. First, Plaintiff filed a motion requesting paper to use for future handwritten filings. [Filing No. 15.] The Court understands this motion to seek injunctive relief—a court order commanding the provision of paper. This Court cannot enter injunctions directing non-parties to take action, nor can it order injunctive relief that lacks a nexus to the underlying claims, which in this case stem from Defendant Bartholomew County Sheriff's Department's allegedly unlawful handling of legal mail. [Filing No. 13 (screening order)]; *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court."); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, the district court has no authority to grant injunctive relief).

Moreover, courts generally expect *in forma pauperis* litigants to incur routine litigation expenses, especially nominal expenses, such as paper. *See Green v. Cotton Concentration Co.*,

294 F.Supp. 34, 36 (S.D. Tex 1968) ("The federal paupers statutes were enacted to make the federal courts accessible to those of modest means; they were not intended to authorize the court to give an indigent carte blanche."). Indeed, Plaintiff was able to write the instant motion (and many other motions). Thus, Plaintiff's motion for paper [Filing No. 15] is denied.

Second, Plaintiff filed a motion to correct an error in the complaint. [Filing No. 16.] The Court interprets this motion as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15. Amendments at this stage of the litigation require the consent of the opposing party or the Court's leave. Fed. R. Civ. P. 15(B)(2). While Rule 15(B)(2) directs the Court to grant leave when justice so requires, Plaintiff's motion fails to explain why an amendment is necessary or in the interest of justice. Additionally, Plaintiff's motion is not in the proper form. Under S.D. Ind. L.R. 15-1, motions for leave to amend must be accompanied by a complete copy of the proposed amended complaint, not merely a description of the proposed amendment.

Furthermore, the proposed amendment is redundant. Based on this Court's understanding of Plaintiff's motion, it requests to add the following language to the complaint:

> Jail officials are escorting us inmates to the hallway [and] copying our legal mail from our attorneys, giving us a copy and jail official[]s take a copy with them out of our presence. [The copies] should be shredded in our pres[]ence when checking for contraband immediately[.] This is prejudicial and detrimental to our defense[.] Jail officials are state actors so fo[]rth.

[Filing No. 16.] These appear to be the same allegations raised in the original complaint and approved by the screening order. Plaintiff's complaint alleges that Defendant "is opening legal mail[,] copying our letters from our licensed attorneys, and taking a copy of our legal mail with them away from our [presence]." [Filing No. 1.] According to the screening order, Plaintiff has preserved the following claims against Defendant: (1) an infringement of the right to court access under the First and Fourteenth Amendments due to Defendant's policy of opening and copying

mail, including privileged mail, and (2) an infringement of the Sixth and Fourteenth Amendments based on Defendant's policy of copying inmates' mail with their criminal defense attorneys. [Filing No. 13.] Thus, Plaintiff has already preserved the allegations in his motion. Plaintiff's motion to correct an error in the complaint [Filing No. 16] is denied.

Third, Plaintiff moved for Court assistance in responding to discovery and initial disclosures. [Filing No. 23.] Plaintiff states that he only has a single copy of his records, which is "hindering his ability to disclose evidence" to Defendant. However, the Federal Rules of Civil Procedure do not require Plaintiff to relinquish his only copy of records to Defendant. In his initial disclosures and in his responses to any requests for production of documents, Plaintiff need only describe the relevant and responsive materials in his possession, custody, or control and identify the location of those materials so that Defendant may arrange to inspect and copy those materials. Fed. R. Civ. P. 26(a)(1)(A); 34(a)(1). Thus, Plaintiff's motion for Court assistance [Filing No. 23] is denied as unnecessary.

Therefore, Plaintiff's motions [Filing No. 15; Filing No. 16; and Filing No. 23] are denied.

Date: 4/21/2025

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMES MICHAEL KAPETANIOS, SR.
543 2nd Street
Columbus, IN 47201